Stephen C. Hardesty, ISB No. 4214
Nicholas L. Taylor, ISB No. 7442
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID  83701-1617
Telephone:  (208) 344-6000
Facsimile:  (208) 954-5272
Email: shardesty@hawleytroxell.com
       ntaylor@hawleytroxell.com

Attorneys for Plaintiff PNC Bank, National Association

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, )<br>)<br>             Plaintiff, )<br>vs. )<br>)<br>CRAIG RENCHER, )<br>)<br>             Defendant. )<br>_____ ) | Case No. 4:10-cv-468-BLW<br><br>MEMORANDUM IN SUPPORT OF MOTION TO REMAND |

Pursuant to Local Civil Rule 7.1(b)(1), Plaintiff PNC Bank, National Association ("PNC") submits this memorandum in support of its motion to remand this action to the Seventh Judicial District of the State of Idaho, in and for the County of Bonneville.

## I.

## BACKGROUND AND ANALYSIS

In this action, PNC makes a claim against Defendant Craig Rencher ("Rencher") for breach of a guaranty Rencher executed in connection with a loan by PNC to Rencher/American Manor, LLC.  PNC filed its complaint in state court in Bonneville County on August 16, 2010.  The complaint identifies Rencher as an Idaho resident.  (Docket No. 1-4 ¶ 2.)

On September 14, 2010, Rencher removed this action to this Court. (Docket No. 1.) In his Notice of Removal, Rencher relied solely on diversity jurisdiction as the basis for removal. (*Id.* ¶ 8.) In that same document, he identified himself as an Idaho resident, just as PNC had done in its complaint. (*Id.* ¶ 3.)

A case is not removable on grounds of diversity jurisdiction if the defendant is a citizen of the forum state. 28 U.S.C. 1441(b) ("Any other such action [other than a federal question action] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (holding that "[s]eparate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state."). Accordingly, the removal was improper because Rencher is an Idaho citizen.

On that basis, PNC asks the Court to remand this action to Bonneville County. This motion is timely, having been filed within thirty days after the removal on September 14, 2010. *See* 28 U.S.C. § 1447(c). Remand therefore is required.

Further, in connection with remand, the Court should order Rencher to pay PNC the attorney fees and costs it incurred as a result of the improper removal. Such an award is provided for, and is appropriate, under section 1447(c). As the Court recently recognized in awarding PNC attorney fees and costs in connection with remanding a related case, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *PNC Bank, Nat'l Ass'n v. Rencher/Am. Manor, LLC*, No. 4:10-cv-421-BLW, slip op. at 5 (D. Idaho Sept. 23, 2010) (quoting *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007)). On that occasion, the Court

MEMORANDUM IN SUPPORT OF MOTION TO REMAND - 2

further held that "assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff" and that "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 5-6 (brackets omitted) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)). Just as Rencher/American Manor, LLC had no objectively reasonable basis for removing that case, Rencher had no objectively reasonable basis for removing this one. Indeed, as noted above, the removal violated a simple, express statutory prohibition against diversity-based removals by citizens of the forum state.

## II.

## CONCLUSION

Rencher's removal of this action was improper and objectively unreasonable. Accordingly, this action must be remanded to state court, and PNC is entitled to an award of the attorney fees and costs it incurred because of the improper removal.

DATED THIS 14th day of October, 2010.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
Nicholas L. Taylor

Attorneys for Petitioner

MEMORANDUM IN SUPPORT OF MOTION TO REMAND - 3

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 14th day of October, 2010, I served the foregoing document to the following **non-CM/ECF Registered Participants** (list names and addresses):

| | |
|---|---|
| Craig Rencher<br>1148 Harmony<br>Twin Falls, ID 83301 | __x__ U.S. Mail, Postage Prepaid<br>_____ Hand Delivered<br>_____ Overnight Mail |

_____
Nicholas L. Taylor