UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PNC BANK, National Association,<br><br>                Plaintiff,<br><br>v.<br><br>CRAIG RENCHER,<br><br>                Defendant. | Case No. 4:10-cv-468-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

      Before the Court is Plaintiff PNC Bank, National Association's Motion to Remand filed on October 18, 2010 (Dkt. 6). Within the motion is also a request for attorney fees and costs incurred by Plaintiff in filing its motion. Defendant Rencher has failed to file a responsive pleading by the deadline. On review of Plaintiff's motion and the record in this matter, the Court enters the following order.

**1.    Remand Is Appropriate**

      The deadline for Defendant Craig Rencher to file a response to the motion under Local Civil Rule 7.1(c) has expired. Defendant has not filed a response. Under Local Civil Rule 7.1(e), the failure of a non-moving party to file a timely responsive pleading

**MEMORANDUM DECISION AND ORDER - 1**

"may be deemed to constitute a consent to the sustaining . . . [or] granting of said motion."

Unless based on federal question jurisdiction, a matter may not be removed to federal court "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Defendant Craig Rencher is a citizen of Idaho. *See Notice of Removal*, Dkt. 1, ¶ 3. Thus, removal based on diversity jurisdiction is improper, and remand is appropriate.

## 2. Attorney Fees Are Appropriate

In its motion, PNC seeks an award of costs and attorney fees on grounds that Rencher improperly removed the case to federal court. An order of remand may require the defendant to pay the plaintiff's "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007). Thus, although district courts retain discretion to determine whether such unusual circumstances exist as to depart from the rule, the reasons for departing from this general rule "should be faithful to the purposes of awarding fees under § 1447." *Id.* (internal quotation and citation omitted).

In this case, PNC has established it is entitled to an award of attorney fees and costs incurred in seeking remand. The United States Supreme Court has recognized the

**MEMORANDUM DECISION AND ORDER - 2**

cost to parties and the court due to improper removals, noting, "[a]ssessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). The *Martin* Court added "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* The Court finds no objectively reasonable basis for federal question jurisdiction, and thus no justification for removal.

Counsel for PNC shall file an affidavit within fourteen (14) days setting forth the fees and costs which it has incurred in obtaining a remand to state court, and shall include the following: (1) the services rendered, (2) the dates those services were rendered, (3) the hourly rate charged, (4) hours expended, (5) a description of the attorney fee contract with the client, and (6) any information, where appropriate, as to other factors which might assist the Court in determining the dollar amount of the fee and costs to be allowed. Rencher shall within fourteen (14) days thereafter file its objections, if any, to the amounts claimed.

## ORDER

**IT IS ORDERED THAT:**

1. Plaintiff PNC's Motion to Remand (Dkt. 6) is GRANTED. This case shall be REMANDED to state court.

2. The Court will retain jurisdiction in this matter for the sole purpose of determining the amount of fees and costs awarded to Plaintiff.

**MEMORANDUM DECISION AND ORDER - 3**



DATED: **November 16, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge