UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PNC BANK, National Association,<br><br>               Plaintiff,<br><br>   v.<br><br>CRAIG RENCHER,<br><br>               Defendant. | Case No. 4:10-cv-468-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff PNC Bank, National Association's Affidavit in support of attorney fees (Dkt. 9). The Court previously remanded this matter to state court, and found that Plaintiff was entitled to reasonable attorney fees incurred seeking remand, as there was no objectively reasonable basis for removal. *Order* (Dkt. 7). The Court retained jurisdiction to determine the amount of fees and costs to award Plaintiff. *Id.* The Court directed counsel for PNC to:

> file an affidavit within fourteen (14) days setting forth the fees and costs which it has incurred in obtaining a remand to state court, and shall include the following: (1) the services rendered, (2) the dates those services were rendered, (3) the hourly rate charged, (4) hours expended, (5) a description of the attorney fee contract with the client, and (6) any information, where appropriate, as to other factors which might assist the Court in determining the dollar amount of the fee and costs to be allowed.

*Id.* The Court set a deadline of fourteen days after Plaintiff filed and served its affidavit,

for Defendant to file an objection to the amounts claimed.

The Court has reviewed Plaintiff's affidavit (Dkt. 9) and finds that the time spent and rates charged are reasonable. Defendant has filed no challenge to Plaintiff's affidavit regarding fees. Instead, Defendant filed an objection asking to set aside the Court's finding that an award of fees is appropriate. *Objection* (Dkt. 10). Defendant essentially requests reconsideration.

"Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v. Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). If the motion to reconsider does not fall within one of these three categories, it must be denied.

Defendant asserts that, during a telephone conference with Court staff, the parties were advised that this matter, as well as another case involving the same parties, would be consolidated. The other case, numbered 4:10-cv-00421-BLW, was also remanded to state court with a similar instruction that the Court would retain jurisdiction for the sole purpose of determining the amount of attorney fees and costs to award. *See Order*, Case No. 4:10-cv-00421-BLW, Dkt. 10 (filed 9/23/2010). Whether or not this case would be consolidated with another has no bearing on the appropriateness of its removal to federal court, nor any of the other grounds for reconsideration of the Court's order of remand. Therefore, reconsideration will be denied. The Court will order costs and fees to be paid

according to Plaintiff's affidavit.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Request for Attorney Fees (Dkt. 6), previously deemed appropriate (Dkt. 7), is **GRANTED**.

2. Plaintiff's Affidavit in support of fees (Dkt. 9) is reasonable. Therefore, Plaintiff is awarded attorney fees of $1,208.00.

3. Defendant's Request for Reconsideration (Dkt. 10) is **DENIED**.

DATED: **January 15, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge